LILLEHAUG, Justice
(concurring).
I agree that the case must be dismissed as moot. I join Parts I and II and the result of the opinion of the court, departing only from the analysis in Part III.
Part III is premised on the majority’s understanding that appellants now seek nominal damages based on an implied cause of action under the Remedies Clause. Based on this understanding, and because the Remedies Clause was not pleaded as a cause of action, the majority avoids the question of whether the prayer for nominal damages saves the case from mootness.
As I understand appellants’ position, they do not allege, and have never alleged, that their injury or wrong — their cause of action — is based on the Remedies Clause. Instead, I understand appellants to seek nominal damages as a remedy for alleged injury or wrong to their Minnesota constitutional rights of equal protection, substantive due process, and procedural due process.
Analytically, then, we cannot avoid appellants’ argument that, even if their three constitutional claims otherwise have been mooted — making equitable and declaratory relief unavailable — the case Uves on because they prayed for “nominal damages of $1.00.”[1] Their novel theory is that the Remedies Clause requires the availability of a nominal damages remedy. I disagree.
Appellants have not drawn to our attention any Remedies Clause precedent that resuscitates an otherwise moot case, and I am aware of none. And I see nothing in the Remedies Clause as commanding (at least in the absence of implementing legislation) that the judicial remedy of purely nominal damages be available against a municipality.
This is not a situation where appellants had no remedy whatsoever. Equitable and declaratory relief, which appellants sought in their prayer for relief, were available. Such relief became unavailable because of appellants’ own strategic litigation choices. At no point did appellants seek to amend their complaint to add plaintiffs with live claims. Nor did appellants seek expedited relief. Minnesota procedure provides for temporary remedies such as restraining orders and injunctions, see Minn. R. Civ. P. 65, and declaratory relief, which, “liberally construed and administered” under Minn.Stat. § 555.12 (2014), may be secured by “speedy hearing,” Minn. R. Civ. P. 57.
*10 Nor did appellants invoke Minnesota’s constitutional and statutory remedies for the municipal taking, destruction, or damage of private property. See Minn. Const., art. I, § 13 (“Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured.”); Minn. Stat. ch. 117 (2014) (governing eminent domain); Wegner v. Milwaukee Mut. Ins. Co., 479 N.W.2d 38, 42 (Minn.1991) (“Once a ‘taking’ is found, compensation is required by operation of law”). Nor did appellants seek compensation for actual damages; rather, they sued only the municipality. See Thiede v. Town of Scandia Valley, 217 Minn. 218, 231-33, 14 N.W.2d 400, 408-09 (1944) (damages awarded against individual defendants for eviction in violation of Minnesota Constitution, but, “in the absence of statute,” township had no liability for damages). Nor did appellants plead any federal constitutional claim, whether under 42 U.S.C. § 1983 (2012) or otherwise. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (nominal damages available under section 1983).
As Part III notes, we do not reach the merits of constitutional claims unless we are required to do so. See Brayton v. Pawlenty, 781 N.W.2d 357, 363 (Minn.2010). In the circumstances of this case, the Remedies Clause does not require that we reach the merits.

. Nominal damages are "[a] trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated.” Black’s Law Dictionary 473 (10th ed.2014).